**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DANNY R. PLANAVSKY,**

                **Appellant,**                    **6:10-cv-1133
                                                          (GLS)**

          v.

**BROOME COUNTY,**

                **Appellee.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE APPELLANT:** | |
| Reizes Law Firm, Chartered<br>1200 South Federal Highway<br>Suite 301<br>Boynton Beach, FL 33435 | LESLIE N. REIZES, ESQ. |
| **FOR THE APPELLEE:** | |
| Broome County Attorney's Office<br>Edwin L. Crawford County Office Bldg.<br>P.O. Box 1766<br>Binghamton, NY 13902-1766 | ROBERT G. BEHNKE, ESQ. |

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    On May 16, 2001, appellant Danny R. Planavsky filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  (*See*

Appellant's Designation, USBC Public Docket, Dkt. No. 2:27.)  On August 3, 2010, the bankruptcy court issued an order converting Planavsky's chapter 11 case to a chapter 7 case pursuant to 11 U.S.C. § 1112(b), (Dkt. No. 1:5), which this court subsequently affirmed, (see *Planavsky v. U.S. Tr. for Region 2*, No. 6:10-cv-1126, Dkt. No. 15).  In another order dated that same day, the bankruptcy court granted Appellee Broome County's motion to lift the automatic stay regarding Planavsky's Broome County properties.  (Dkt. No. 1:2.)  Pending is Planavsky's appeal of that order.  (Dkt. No. 1.)  For the reasons that follow, the appeal is denied and the order is affirmed.

## II.  Standard of Review

The district court sits as an appellate court when a bankruptcy order is appealed.  *See* 28 U.S.C. § 1334.  A bankruptcy court's order granting or denying a motion to lift an automatic stay is reviewed for abuse of discretion.  *Case v. United States (In re Case)*, 384 F. App'x 43, 44 (2d Cir. 2010) (unpublished).  A bankruptcy court abuses its discretion when its decision rests on "an error of law or a clearly erroneous finding of fact, or a decision that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions."  *Jasco Tools, Inc. v. Dana Corp.* (*In re Dana Corp.*), 574 F.3d

129, 145 (2d Cir. 2009) (internal quotation marks and citations omitted).

### III. Discussion

Planavsky argues that the bankruptcy court erred in granting Broome County's motion to lift the automatic stay pursuant to 11 U.S.C. § 362 because it failed to make "any finding as to confirmability of the Debtor's Plan, as to which his Disclosure Statement had been approved and as to which a confirmation hearing had not yet occurred." (Appellant Br. at 2-3, Dkt. No. 4.) Planavsky's argument is misplaced.

In general, "[a] court may lift an automatic stay ... when the debtor does not have an equity in the property and the property is not necessary to an effective reorganization." *Powers v. Am. Honda Fin. Corp.*, 216 B.R. 95, 97 (N.D.N.Y 1997) (citation and internal quotation marks omitted). However, in the context of "a Chapter 7 liquidation case, effective reorganization is irrelevant." *Id.* (citations omitted). Thus, to lift a stay in such a case, the creditor must show only that "the debtor does not have equity in the property." *Id.* (citing 11 U.S.C. § 362(d)(2)).

In this case, prior to lifting the automatic stay against Planavsky's Broome County properties, the bankruptcy court, on motion of the United States Trustee, converted Planavsky's chapter 11 case to a chapter 7

3

case. (*See* July 22, 2010 Hr'g at 16-17, Dkt. No. 12.) Thus, in assessing the appropriateness of the bankruptcy court's decision to lift the stay, this court need only consider whether Planavsky retained any equity in the subject properties, not whether Planavsky's proposed plan was "patently unconfirmable." *See Powers*, 216 B.R. at 97. And in that regard, because there is no basis to dispute Broome County's contention that Planavsky did not retain any equity in the subject properties—a contention not disputed by Planavsky—the court discerns no error in the bankruptcy court's decision to lift the automatic stay. Accordingly, the bankruptcy court's order is affirmed.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Planavsky's appeal is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that the judgment of the bankruptcy court is **AFFIRMED**; and it is further

**ORDERED** that the Clerk enter judgment and provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 2, 2011
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge

5